UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SEAN COLGAN and ADAM MORALES,

                                      Plaintiffs,

   -against-

THE CITY OF NEW YORK; TERESA ROMOLO;
KEVIN MURPHY; and JOHN and JANE DOE 1
through 10, individually and in their official capacities
(the names John and Jane Doe being fictitious, as the
true names are presently unknown),

                                      Defendants.
------------------------------------------------------------------------X

***COMPLAINT AND JURY DEMAND***

ECF CASE

Docket No.
1:15-cv-1839

     Plaintiff Sean Colgan and Adam Morales, by their attorney Joseph Indusi, Esq. of London Indusi LLP, for their complaint against the above Defendants alleges as follows:

## PRELIMARY STATEMENT

     1. This is a civil rights action in which Plaintiffs seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments, in addition to violations of the Laws of the State of New York.

     2. The claim arises from a December 4, 2014 incident in which defendants, acting under color of state law, unlawfully detained and arrested Plaintiffs without probable cause. Defendants handcuffed, pushed, tackled and kicked plaintiffs for no reason. As a result of this unlawful arrest, and assault, both Plaintiffs suffered physical injury and pain and suffering as well as a loss of liberty. Plaintiffs were deprived of liberty for approximately 18 hours. Plaintiffs' case was dismissed and sealed on December 5, 2014.

     3. Plaintiffs seek monetary damages (special, compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the

Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendant jurisdiction.

## VENUE

6. Venue is laid within the Eastern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff Sean Colgan ("Mr. Colgan") resided at all times in Valley Stream, Long Island, in the County of Nassau, State of New York. Plaintiff Colgan is a full time college student at Kingsborough College.

8. Plaintiff Adam Morales ("Mr. Morales") resided at all times in Brooklyn, New York, in the City and State of New York. Plaintiff Morales is a full time college student at Kingsborough College.

9. The Defendant City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.

10. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives

and supervisory officers as well as the individually named Defendants herein.

11. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

12. Defendant Teresa Romolo ("Romolo") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Romolo was, at the time relevant herein, a Police Officer under Shield # 24590 in the 61st Precinct. Defendant Romolo is sued in her individual capacity.

13. Defendant Kevin Murphy ("Murphy") was, at all times here relevant, a Sergeant employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Murphy was, at the time relevant herein, a Police Officer under Shield # 71 in the 61st Precinct. Defendant Murphy is sued in his individual capacity.

14. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

15. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

16. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

17. Within 90 days of the events rising to these claims, Plaintiff filed written notices of

claim with the New York City Office of the Comptroller.

18. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

19. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

## FACTUAL CHARGES

20. On December 4, 2014, at approximately 1:00 a.m., Mr. Colgan and Mr. Morales were standing at a bus stop with two female friends on Shore Parkway and Sheepshead Bay, in Brooklyn, New York.

21. Plaintiffs were waiting to put their female friends on the bus.

22. Plaintiffs were not violating any laws or local ordinances.

23. After approximately twenty minutes of waiting at the bus stop, Defendant Romolo and an unidentified defendant approached the bus stop in an NYPD vehicle.

24. Defendants approached Plaintiffs, asked for identification and Plaintiffs complied.

25. At no point did the Defendants observe Plaintiffs commit any crime or offense.

26. Defendants then went back to their vehicle with Plaintiff's identification.

27. Defendant Murphy and Defendant John Doe 1 then approached the bus stop in another NYPD vehicle.

28. Defendant Murphy ran up to Mr. Morales and screamed at him for no apparent reason.

29. Mr. Morales tried to walk away.

30. Defendant Murphy, acting very aggressively, refused to let Mr. Morales walk away.

31. Defendant Murphy pushed Mr. Morales in the chest with both palms open, causing Mr. Morales' baseball hat to fall to the ground.

32. Defendant Murphy pushed Mr. Morales a second time, causing Mr. Morales to lose balance momentarily, but not fall.

33. Defendant Murphy eventually tackled Mr. Morales, they both fell to the ground, causing a scrape to Mr. Morale's knee and a tear to his jeans.

34. Defendant Murphy, while on top of Mr. Morales, slammed Mr. Morales' face into the concrete, causing bruising and bleeding to his lip, as well as a chipped front tooth.

35. Defendant Murphy unlawfully handcuffed Mr. Morales.

36. The Defendants had no probable cause or reasonable suspicion to arrest Mr. Morales.

37. Mr. Morales did not resist arrest.

38. This unlawful police conduct caused Mr. Morales to sustain a 1 inch scar on his chest.

39. When Defendant Murphy pushed and tackled Mr. Morales, Mr. Colgan inquired about what was happening.

40. An unidentified defendant approached Mr. Colgan, grabbed him, threw him to the ground and unlawfully handcuffed him.

41. Defendants did not observe Mr. Colgan violate any law or ordinance.

42. The Defendants had no probable cause or reasonable suspicion to arrest Mr. Colgan.

43. An unidentified defendant kneed Mr. Colgan in the back, causing physical injury.

44. An unidentified defendant pushed Mr. Colgan's face into the concrete, causing bruising and bleeding to his lips and face.

45. As a result of this unlawful conduct, Mr. Colgan's shirt and pants were torn and he has a 1 inch scar above his knee.

46. Mr. Colgan did not resist arrest.

47. Defendants then searched Plaintiffs and no contraband or anything of illegality was

found.

48. The Defendants transported both Plaintiffs to the 61st Precinct

49. Plaintiffs inquired as to why they were being arrested.

50. Defendants refused to tell Plaintiffs why they were being arrested.

51. After some time, Plaintiffs were transported to central booking to await arraignment.

52. While Plaintiff was in central booking, Defendants, including Defendant Romolo and Murphy, acting with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for Resisting Arrest and Disorderly Conduct.

53. At arraignments, Plaintiffs' case was dismissed and sealed.

54. Plaintiffs spent approximately 18 hours unlawfully detained in police custody.

55. After Mr. Morales was released from custody, he went to the hospital and the dentist for treatment of his injuries.

56. During all of the events described, the individual Defendants acted maliciously and with intent to injure Plaintiff.

57. At all times relevant hereto, Defendants were involved in the decision to arrest Plaintiff without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Plaintiff without probable cause.

58. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages: a violation of his rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, violation of New York State law, physical injury, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

## FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

59. The above paragraphs are here incorporated by reference as though fully set forth.

60. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiffs without reasonable suspicion.

61. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION
False Arrest Under
42 U.S.C. § 1983 Against Individual Defendants

62. The above paragraphs are here incorporated by reference as though fully set forth.

63. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

64. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

65. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

66. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
False Arrest and False Imprisonment Under
New York State Law Against All Defendants

67. The above paragraphs are here incorporated by reference as though fully set forth.

68. Defendants subjected plaintiff to false arrest, false imprisonment, and deprivation of

liberty without probable cause.

69. Plaintiff was conscious of his confinement.

70. Plaintiff did not consent to his confinement.

71. Plaintiff's arrest and false imprisonment was not otherwise privileged.

72. Defendant City, as employer of Officer Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

73. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

74. The above paragraphs are here incorporated by reference as though fully set forth.

75. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging Mr. Morales and Mr. Colgan committed unlawful acts described above.

76. The individual Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

77. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

78. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **FIFTH CAUSE OF ACTION**
Excessive Force Under
42 U.S.C. § 1983 Against Individual Defendants

79. The above paragraphs are here incorporated by reference as though fully set forth.

80. The individual Defendants used excessive, unreasonable and unnecessary force with plaintiff.

81. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on the plaintiff without consent.

82. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## **SIXTH CAUSE OF ACTION**
Assault and Battery Under
New York State Law Against All Defendants

83. The above paragraphs are here incorporated by reference as though fully set forth.

84. The individual defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

85. The individual defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

86. The individual Defendants used excessive and unnecessary force with plaintiff.

87. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

88. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CAUSE OF ACTION
Negligent Hiring/Training/Retention Under
New York State Law Against the City of New York

89. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

90. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

91. Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

92. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

93. Upon information and belief, Defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

94. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

95. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

96. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

97. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments to the U.S. Constitution.

98. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiffs respectfully requests judgment against Defendants, jointly and severally, as follows:

    a)    In favor of Plaintiffs in an amount to be determined by a jury for each of Plaintiff's causes of action;

    b)    Awarding Plaintiffs punitive damages in an amount to be determined by a jury;

    c)    Awarding Plaintiffs compensatory damages in an amount to be determined by a jury;

    d)    Awarding Plaintiffs reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

    e)    Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiffs demand a trial by jury.

Dated: April 4, 2015
       Brooklyn New York

          Respectfully submitted,

             /s/ Joseph Indusi, Esq.
          *Joseph Indusi, Esq.*
          Bar Number: JI6499
          Attorney for Mr. Morales & Mr. Colgan
          London Indusi LLP
          186 Joralemon Street, Suite 1202
          Brooklyn, NY 11201
          (718) 301-4593 – Phone
          (718) 247-9391 – Fax
          Joe@LondonIndusi.com